IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00089 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RELIEF FROM JUDGMENT AND |
| | ) | MOTION FOR RECONSIDERATION |
| VICTORIA BATANGAN RUMBAWA, | ) | UNDER FRCP 60(b) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND MOTION FOR RECONSIDERATION UNDER FRCP 60(b)

Represented by counsel, Defendant Victoria Batangan
Rumbawa pled guilty and was sentenced by this court on February
19, 2013. The sentence included five months in prison. Judgment
was entered on February 22, 2013. On February 26, 2013, Defendant
filed what appeared to be a pro se Motion for Relief from
Judgment and Motion for Reconsideration under FRCP 60(b). That
same day, this court issued a minute order noting that Defendant
appeared to be seeking relief on the ground that her counsel had
assured her that she would not be sentenced to prison time, and
noting that Defendant could not simultaneously represent herself
and be represented by counsel. The next day, Defendant filed a
Motion to Discharge Counsel. The Magistrate Judge granted that
motion to discharge.

The court turns now to Defendant's motion. Defendant
appears to be seeking an amended judgment that eliminates the
portion of her sentence requiring her to serve five months in

prison. Rule 35(a) of the Federal Rules of Criminal Procedure provides that an arithmetical, technical, or other clear error in a sentence may be corrected within 14 days after sentencing. Defendant identifies no arithmetical, technical, or other error in the sentence.  At most, Defendant complains that the sentence does not coincide with what Defendant claims her former counsel told her. Moreover, more than 14 days have passed since sentencing. Defendant cites "FRCP 60(b)," but that is a procedural rule that applies in civil cases, not in criminal cases such as this one.

Even if counsel did, as Defendant asserts, tell Defendant that she would not be sentenced to any prison time, that would not make the sentence that the court imposed illegal or even necessarily unreasonable or unwarranted. Assuming counsel made the alleged statement, counsel's prediction was simply mistaken. The possibility of prison time was clearly communicated to Defendant in connection with her guilty plea. She pled guilty pursuant to a plea agreement, which stated, "Defendant understands that the penalties for the offenses to which she is pleading guilty include not more than 5 years imprisonment . . . ." ECF No. 11 at 3.

Rule 11(e) of the Federal Rules of Criminal Procedure provides, "After the court imposes sentence, the defendant may not withdraw a plea or guilty or nolo contendere, and the plea

may be set aside only on direct appeal or collateral attack." It is not at all clear to this court that the present motion is a collateral attack. In her plea agreement, Defendant waived her right to bring a collateral attack unless her sentence was above the guideline range, which it was not, or the attack was based on a claim of ineffective assistance of counsel. See ECF No. 11 at 7. Possibly, the present motion seeks relief under 28 U.S.C. § 2255 on the ground that Defendant received ineffective assistance of counsel. However, if Defendant did not intend her motion to be so construed, a court's erroneous characterization of the motion as brought under that statute could prejudice Defendant, as she would then require certification to bring another motion under that statute with her true grounds for relief. See 28 U.S.C. § 2255(h). Therefore, unless Defendant states unequivocally to this court that she is bringing the present motion under § 2255, the court will not so construe the present motion.

Construing the motion as either seeking an amended sentence without regard to § 2255 or seeking withdrawal of Defendant's guilty plea, this court denies the motion on the grounds that it not only fails to identify any authority allowing this court to take either action, it also fails to establish that the sentence is illegal, incorrectly calculated, or unreasonable.

3

In case Defendant would like to assert a claim of ineffective assistance of counsel under § 2255, this court directs the Clerk of Court to send Defendant a copy of the court's form for filing a § 2255 motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 21, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Victoria Batangan Rumbawa, CR. NO. 11-00089 SOM, ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR RECONSIDERATION UNDER FRCP 60(b)